PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. We reverse because Coulter has raised facially sufficient claims for rule 3.850 relief that the trial court, in its order summarily denying the motion, has failed to conclusively refute.
On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. RApp. P. 9.141(b)(2)(D).
Adrian Coulter filed a thirty-one page Motion for Post Conviction Relief under rule 3.850 raising eleven grounds. The trial court entered a one-word order: “DENIED.” Most notably, the trial court failed to address the issue raised in ground nine of Coulter’s motion. Coulter argued, and the State conceded in its response, that he should not have been sentenced to 7.5 years as to count 2, but rather, should have been sentenced to credit for time served. Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings, such as an evidentiary hearing. On remand, if the trial court again enters an order summarily denying the post-conviction motion, the trial court shall attach written portions of the record conclusively refuting the defendant’s claim. See Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
Reversed and remanded for further proceedings.